UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

KEVIN S. TURNER,           )
                           )
        Plaintiff,         )
                           )  Case No. 4:10-CV-93 JD
    v.                     )
                           )
PAT HARRINGTON, *et al.*,  )
                           )
        Defendants.        )

OPINION AND ORDER

Kevin S. Turner, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Turner is serving a 30-year sentence imposed after he pled guilty to bank robbery and being a habitual offender in Tippecanoe County.[1] *Turner v. State*, 878 N.E.2d 909 (Ind. Ct. App. 2008). In this case, he sues Tippecanoe County Prosecutor Pat Harrington, Deputy Prosecutor Elizabeth Goodrich, and the Tippecanoe County Prosecutor's Office. [DE 1 at 2.] He alleges that in 2003 he entered into an agreement with former prosecutor Jerry Bean, whereby he would provide information about an unsolved crime if Bean would decline to seek a habitual offender enhancement against him in his pending criminal case. Turner claims that he provided the information, but claims Bean broke their agreement in 2005 by seeking a habitual offender enhancement in his pending criminal case.

Turner further alleges that in 2010, he began making efforts to obtain a copy of what he calls the "May/June 2003 proposal letter," which he claims memorialized his agreement with Bean. [DE 1 at 3-5.] As a result of his inquiries to the prosecutor's office, Goodrich provided Turner with copies of correspondence between him and Bean, but the letter he claimed existed was not among them. [DE 1 at 4; *see also* DE 1-1 at 1.] Turner later filed a motion in state court seeking production of the letter. [DE 1-1 at 5-8.] Goodrich filed a response to the motion, stating that all existing correspondence between Bean and Turner had already been disclosed. [DE 1-1 at 9.] She also argued that to the extent Turner was seeking to proceed with a successive post-conviction petition attacking

---

[1] It is permissible for the Court to consider public documents in determining whether the complaint states a claim. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Here, public records show that Turner's conviction was affirmed on direct appeal, and his petition for post-conviction relief was denied. *Turner*, 878 N.E2d at 910. The Indiana Court of Appeals affirmed the denial of post-conviction relief, and the Indiana Supreme Court denied his petition to transfer. *Id.*; *Turner v. State*, 891 N.E.2d 46 (Ind. 2008). In 2010, Turner was twice denied leave to proceed with a successive post-conviction petition. *See Turner v. State*, No. 49A-02-1009-SP-01003 (Ind. Ct. App. order dated Nov. 17, 2010); *Turner v. State,* No. 79A02-1007-SP-00781 (Ind. Ct. App. order dated Sept. 20, 2010.)

his conviction, such relief should be denied. [*Id.*] The court denied Turner's motion. [DE 1-1 at 4.] He then filed this complaint in federal court.

Turner's complaint is somewhat confusing, and it is not clear what he hopes to achieve with the letter, since he long ago pled guilty to the habitual offender charge. *See Turner*, 878 N.E.2d at 910. Nevertheless, he appears to claim that Goodrich denied him due process by contesting the motion he recently filed in state court. [*See* DE 1 at 4.] Such a claim is barred, however, because prosecutors are entitled to absolute prosecutorial immunity for any actions taken "as an advocate for the State." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Therefore, Goodrich cannot be sued for contesting Turner's motion or for any other actions she took in the context of that court proceeding.

Turner also appears to claim that Goodrich or Harrington suppressed and/or destroyed the letter from Bean sometime in 2010. [*See* DE 1 at 4.] Such actions would not likely be covered by absolute prosecutorial immunity, since they pertain more to administrative duties than to an advocacy function. *See Buckley*, 509 U.S. at 273 ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."). However, the Court cannot discern how these allegations state a constitutional claim. Turner believes that the failure to produce the letter when he requested it violates *Brady v. Maryland*, 373 U.S. 83 (1963), which imposes a duty on the prosecutor to turn over impeaching or exculpatory evidence to the accused in advance of trial. *Id. Brady* is a trial right that would not apply to actions taken by Goodrich and Harrington years after Turner's court case concluded. Nor could the letter be considered

exculpatory, since it does not pertain to Turner's guilt or innocence on the robbery and habitual offender charges he faced years ago. Indeed, as noted above, Turner pled guilty to the habitual offender charge, so it is not clear how the letter would be of use to him in any event.[2] Because Turner's allegations are either barred by prosecutorial immunity or fail to state a claim upon which relief can be granted, his complaint must be dismissed.

For these reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: December 14, 2010

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[2] To the extent Turner is trying to claim that his guilty plea is invalid due to some form of prosecutorial misconduct, this type of claim would have to be raised in a habeas petition, not an action for damages under Section 1983. *See Heck v. Humphrey,* 512 U.S. 477 (1994).